Holtsberry v. Bounds.

## EASEMENT—PRESCRIPTION.

[Licking (5th) Circuit Court, March Term, 1905.]

Donahue, McCarty and Taggart, JJ.

*OLIVER N. HOLTSBERRY v. LINSLEY BOUNDS ET AL.

CONTINUED USE OF LAND FOR TWENTY-FIVE YEARS CREATES AN EASEMENT THEREIN.

Where one, and those under whom he claims, has used, without let or hindrance, a right of way over and across adjoining lands to a public highway for more than twenty-five years, and such way has been confined to one well-defined course, an easement subject to the duty of keeping gates and bars closed, and appurtenant to the land, is acquired; and evidence of a threat to close up the way for failure to close the gates does not show the right of passage to be a revocable license.

[For other cases in point, see 3 Cyc. Dig., "Easements." §§ 47-61.—Ed.]

[Syllabus approved by the court.]

APPEAL from Licking common pleas court.

**J. H. Jones**, for plaintiff.

**Kibler & Kibler** and **Hunter & Hunter**, for defendants.

## DONAHUE, J.

This case comes into this court by appeal. From the evidence we find that the plaintiff, and those under whom he claims title, have used, without let or hindrance, a right of way over and across the premises of the defendants, from his property to the public road, for a period largely in excess of twenty-one years next preceding the commencement of this action. That said road was well defined, and of one general course and to definite and certain objective points; but that over a portion of the way detours were made around mud holes and bad places in the road and fallen trees; and that in some places as many as four or five distinct wagon tracks, parallel with each other, ran a distance of from one to two hundred feet, and that these various tracks have been used at will without let or hindrance, for a period of about forty-five years and that said right of way was subject at all times to gates at the entrance to the woods lot, and at the fence separating the woods lot from the pasture lot and at the public road.

This user having continued for the time named, without let or hindrance, and at the will of the plaintiff and his grantor, casts upon the defendants the burden of showing that the same was permissive;

*Affirmed, without report, *Bounds* v. *Holtzberry*, 52 Bull. 67; 75 O. S. 000.

17 O. C. C. Vol. 29.

and while there is some evidence of threat to close up this way in case of failure to keep the gates closed and the bars up, there is no evidence that at any time the owners of this servient estate did exercise the right of closing up the same, or did any act whatever to interfere and obstruct the use of such roads by the plaintiff and his grantor during all the time they have used and enjoyed the same; and therefore, we find that there is an easement over said lands of the defendant, appurtenant to the lands of plaintiff, and that he is entitled to use and enjoy the same, subject, however, to the condition of keeping the gates closed; and this easement having been enjoyed all these years, subject to such gates and bars, the statement of the owner of the servient estate that unless they kept the same closed he would prevent their traveling over it, is clearly in line with his authority in that behalf, because this easement is subject to the same; and such statement to the owners of the dominant estate is not in effect a statement that they have no interest in such easement, and no right to travel the same, but, on the contrary, that they must use and enjoy it subject to these obstructions, and must keep the gates and bars closed according to the manner of the use for many years previous thereto.

The plaintiff in his petition claims only a right of way fifteen feet wide. So it is not important whether he acquired a right of way wider than that or not. At all events, that is sufficient for his purposes, and this court would not enjoin the defendants from confining him to such a width as might be necessary to his use and purpose for a right of way, even though he were able to show that he had acquired by user more land than was absolutely necessary for his use. He would be required to assert that claim in some other form.

So that he will be confined to a strip fifteen feet wide, along the general course of travel, and that being in conformity to those portions of the road where there is but one track; and as a condition to the enjoyment of said easement, he is required to keep the said gates closed.

A decree may be drawn perpetually enjoining the defendants from interfering with the use of this right of way fifteen feet wide through their lands, as prayed for in this petition; and that plaintiff may quietly use and enjoy the same so long as he complies with the conditions under which said easement was acquired, and keep said gate closed.

It further appearing that there has been some neglect in this behalf, and that plaintiff and those under whom he claims have been attempting to exercise further rights over said premises, and travel out

Holtsberry ·v. Bounds.

and beyond the well-defined line of the right of way, especially through the pasture lands of defendants a judgment for costs is refused plaintiff, and he will be required to pay his own costs, and the defendants will pay their own costs; and this cause is remanded for execution.

A motion for new trial by defendants filed and overruled, and exceptions noted, as are also their exceptions to the judgment and finding of the courts herein.

**McCarty, J.,** concurs.

**TAGGART, J.,** dissenting.

I desire to enter a dissent to the judgment and opinion of the courts in this case, believing as I do that the testimony shows that the use of this way by the plaintiff, and those through whom he claims title, was simply permissive, and not adverse, nor under a claim of right; and therefore, the judgment of the court is not warranted by the facts or by the law of the case.

---

## LIMITATION OF ACTIONS.

[Erie (6th) Circuit Court, April 22, 1899.]

Haynes, Parker and Marvin, JJ.

(Judge Marvin of the eighth circuit, sitting in place of Judge Hull.)

*WILLIAM DEERING & Co. v. H. G. MILLER ET AL.

ACCOUNT STATED WITH DECLARATION THEREON OF AMOUNT DUE AND SIGNED BY DEBTOR IS A PROMISE IN WRITING OR AGREEMENT IN WRITING WITH A FIFTEEN-YEAR LIMITATION.

When an account stated between two parties has been drawn and a declaration in writing is added thereto, signed by ·one party, that the same is an account stated and there is due from the party signing to the other party a sum certain, subject to the acceptance of the latter and the latter accepts in writing, this constitutes ·in law a promise in writing although no promise is specifically made, or, at least, it is an agreement in writing, and an action thereon for the amount named is not barred in six years but in fifteen years from the date thereof.

[Proof of this decision and syllabus was submitted to Judge Marvin and corrected.—Ed.]

ERROR to Erie common pleas court.

**J. F. McCrystal** and **F. W. Babcock,** for plaintiff in error.

**Kelly & Merrill,** for defendant in error, C. A. Wikel.

---

*Affirmed, without report, *Wickel v. Deering & Co.* 64 Ohio St. 548.